IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                      :

**BIG RIG T-SHIRT & DECALS LLC**
  a Nebraska limited liability company,
**BRIAN LAROCHE**
  an individual

                    Plaintiffs,

              - against -

**PRECISION METAL ART USA, LLC**
  a Michigan limited liability company,
**CENTRAL COAST DESIGNS INC.,**
  a Michigan for-profit corporation, and
**ALAN L. RUSSELL,**
  an individual

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

Civ. Action No.:
Hon. Judge:
Magistrate Judge:

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrences as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

      NOW COMES the Plaintiffs BIG RIG T-SHIRT & DECALS LLC ("Big Rig") and Brian LaRoche, ("LaRoche"), by and through their undersigned attorney, THOMAS P. HEED, as and for their Complaint against the Defendants, alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under 17 U.S.C. § 501 et. seq.

2.    The amount in controversy is in excess of $75,000.00.

## THE PARTIES

3.  Plaintiff Big Rig T-Shirt & Decals LLC ("Big Rig") is a limited liability company organized under the laws of the State of Nebraska with a designated office at 522 S. Elm Ave, Hastings NE 68901.

4.  Brian LaRoche ("LaRoche") is an individual resident of the State of Nebraska.

5.  Defendant Precision Metal Art USA, LLC ("Defendant Precision"), is a Michigan limited liability company, organized on or about June 6, 2017, with a registered office at 10220 Waldron Road, Jerome, MI 49249.

6.  Defendant Precision Metal Art USA, LLC is in existence but not in good standing with the State of Michigan as of February 18, 2020.

7.  Defendant Central Coast Designs, Inc. ("Defendant Central Coast"), is a Michigan for-profit corporation, incorporated on or about August 29, 2017.

8.  Defendant Central Coast Designs, Inc., has a registered office at 313 Maumee Street, Jonesville, MI 49250.

9.  Defendant Central Coast Designs, Inc., filed a Certificate of Assumed Name for "Precision Metal Art" with the State of Michigan on or about February 12, 2018.

10. On information and belief, Defendant Central Coast Designs, Inc., moved to 245 W. Mechanic Rd., Hillsdale, MI 49242 in or about December 2018.

11. Defendant Alan L. Russell ("Russell") is the President, Treasurer, Secretary, and Director of Defendant Central Coast Designs, Inc.

12. Defendant Russell uses the business e-mail of alan@precisionmetalartusa.com.

13. On information and belief, Defendant Central Coast and Defendant Precision are affiliated companies, companies under common control, and/or joint venturers.

14.     Collectively, Defendant Central Coast and Defendant Precision are the "Corporate Defendants."

## JURISDICTION

15.     The action arises under the Copyright Act, 17 U.S.C. § 101 et. seq. ("The Copyright Act").

16.     This Court has jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

17.     This Court has personal jurisdiction over Defendant Russell under the Michigan Long-Arm Statute, M.C.L. 600.701.

18.     This Court has personal jurisdiction over Defendants Precision Metal Art USA, LLC, and Central Coast Designs, Inc. under the Michigan Long Arm Statute, M.C.L. 600.705.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL CLAIMS

20.     Plaintiff LaRoche is an artist.

21.     Much of the art created by Plaintiff LaRoche is truck-themed.

22.     Plaintiff LaRoche owns registered copyright VAu000966301, registered December 3, 2007, and entitled, "Big Rig Decals."

23.     Plaintiff LaRoche owns registered copyright VA0002091866, registered April 19, 2017, and entitled, "BigrigHodRodRedCoal."

24.     Plaintiff LaRoche owns registered copyright VA0002070041, registered April 19, 2017, and entitled, "Big Rig Hot Rod."

25.     For many years, Plaintiff LaRoche has sold his designs on t-shirts, decals, metal art, and other tangible goods.

26.  On or about August 24, 2017, Plaintiff LaRoche created the website www.bigrigthreads.com in order to sell his designs.

27.  The website www.bigrigthreads.com sells metal art.

28.  The website www.bigrigthreads.com uses the ecommerce platform Shopify.

29.  On or about September 29, 2020, Plaintiff LaRoche caused Plaintiff Big Rig to be organized.

30.  Plaintiff LaRoche owns Plaintiff Big Rig.

31.  Plaintiff Big Rig now owns the website www.bigrigthreads.com.

32.  Plaintiff LaRoche is a statutory employee of Plaintiff Big Rig.

33.  Almost all of the metal art sold by Plaintiff Big Rig on its website www.bigrigthreads.com is truck-themed.

34.  All of the truck-themed metal art sold by Plaintiff Big Rig on its website www.bigrigthreads.com was either (A) created by Plaintiff LaRoche prior to the organization of Plaintiff Big Rig; or (B) created by Plaintiff LaRoche during his employment with Plaintiff Big Rig as a work made for hire under 17 U.S.C. §201(b).

35.  Plaintiff Big Rig is the sole entity in the United States that is authorized to use Plaintiff LaRoche's copyrights that pre-date September 29, 2020.

36.  Plaintiff Big Rig is the sole entity in the United States authorized to use Plaintiff LaRoche's truck-themed artwork, regardless of the date of creation.

37.  Plaintiff Big Rig has placed a copyright notice on the bottom of every webpage on which it offers for sale truck-themed artwork.

38.  The Plaintiffs have sold millions of dollars of Plaintiff LaRoche's art work.

39.     Plaintiff LaRoche fixed the following 2-dimensional graphic designs into a tangible

medium of expression as two-dimensional graphics ("Works"):

    a.   Cabover Pete



    b.   Personalized Pete



    c.   Pete Driver Kneeling Cross



    d.   Pete Fence



    e.   Dump Truck Pete



f.   KW Fence



g.   Pete 379



h.   International 9000 Fence



i.   Grain Hauler Pete



j.   Bull Hauler Pete



40.   Plaintiff LaRoche continued to recast, transform, and adapt his Works by refining them,

adding additional landscape elements, and providing an optional text field for

customization.

41.     Plaintiff LaRoche fixed each of the Works into a tangible medium of expression as metal

art, to be sold by Plaintiff Big Rig.

42.     Plaintiff Big Rig currently offers for sale the following metal art based on the Works on

its website www.bigrigthreads.com:

     a.  Cabover Pete



     b.  Personalized Pete



     c.  Pete Driver Kneeling Cross



d.  Pete Fence



e.  Dump Truck Pete



f.  KW Fence



g.  Pete 379 with American Flag



h.  International 9000 Fence



i.  Grain Hauler Pete



j.   Bull Hauler Pete



43.   The Works are copyrightable content under the Copyright Act.

44.   Plaintiff LaRoche's unique use of perspective and negative space makes each of the

Works distinctive and readily identifiable.

45.   On February 29, 2020, Sierra Hensley, an employee of Corporate Defendants, sent an e-

mail to Plaintiff LaRoche from the e-mail address sierra@precisionmetalartusa.com (Exh.

A).

46.   In the February 29, 2020, e-mail, the Defendants sought authorization to produce the

Works.

47.   The Defendants sought authorization to produce the Works, because the Defendants

believed the Works to be both copyrightable and valuable.

48.   Plaintiff LaRoche did not give the Defendants authorization to produce either the Works

or the Derivatives.

49.   Plaintiff LaRoche specifically told the Defendants that they were not to copy his Works.

50.   At no time have the Defendants been authorized to sell the Works on their own website,

https://precisionmetalartusa.com.

51.   At sometime after February 29, 2020, the Defendants began a knowing, intentional, and

willful scheme of copying, producing, and selling their versions of the Works

("Infringing Product"), *en masse*, without authorization.

52.    The Infringing Products are clearly the Works or near derivatives of the Works, as the term derivative is defined in 17 U.S.C. §501.

53.    The Defendants were displaying and selling the Infringing Product on their own website www.precisionmetalartusa.com.

54.    The Defendants' website uses the Shopify® ecommerce platform.

55.    The Defendants were advertising their Infringing Product on Facebook®, providing links back to their website www.precisionmetalartusa.com.

56.    On or about February 14, 2021, Plaintiffs became aware that the Defendants were selling the Infringing Products.

57.    The Plaintiffs took screenshots of the Defendants unlawful copyright infringement, which clearly demonstrates the Defendants' mass copyright infringement:

   a.    Defendants' Infringing Product version of Cabover Pete accessed Feb. 14, 2021 at 6:09 p.m. at https://precisionmetalartusa.com



b.  Defendants' Infringing Product version of Personalized Pete accessed Feb. 14,

2021 at 6:09 p.m. at https://precisionmetalartusa.com



c.  Defendants' Infringing Product version of Pete Driver Kneeling Cross accessed

Feb. 14, 2021 at 6:09 p.m. at https://precisionmetalartusa.com.



d.  Defendants' Infringing Product version of Pete Fence accessed Feb 14, 2021 at 6:09

p.m. at https://precisionmetalartusa.com



e.  Defendants' Infringing Product version of Dump Truck Pete accessed Feb 14,

2021 at 6:04 p.m. at https://precisionmetalartusa.com



f.   Defendants' Infringing Product version of KW Fence accessed Feb 14, 2021 at

6:09 p.m. at https://precisionmetalartusa.com.



g.   Defendants' Infringing Product version of Pete 379 with American Flag accessed

Feb 14, 2021 at 6:09 p.m. https://precisionmetalartusa.com.



h.  Defendants' Infringing Product version of International 9000 Fence accessed Feb

14, 2021 at 6:09 p.m. https://precisionmetalartusa.com.



i.  Defendants' Infringing Product version of Grain Hauler Pete accessed Feb 14,

2021 at 6:09 p.m. https://precisionmetalartusa.com.



j.  Defendants' Infringing Product version of Bull Hauler Pete accessed Feb 14, 2021 at 6:09 p.m. https://precisionmetalartusa.com.



58.  On February 19, 2021, Plaintiffs sent Shopify® a takedown notice ("Takedown Notice") under the Digital Millennium Copyright Act ("DMCA"), in order to remove the Infringing Products.

59.  The Takedown Notice covered 12 Infringing Products based off of the 10 Works.

60.  On or about February 22, 2021, shopify.com removed the Infringing Product as a result of the Takedown Notice.

61.  Defendant Russell is the President, Direct, and owner of the Corporate Defendants.

62.  Defendant Russell knew, or reasonably should have known, that the Infringing Products were based off of the Works.

63.  Defendant Russell has authority and control over what the Corporate Defendants sell.

64.  Defendant Russell, knew or reasonably should have known, that the Corporate

Defendants did not have authority to copy, distribute, or sell the Infringing Products,

because the Infringing Products were based on the Works.

65.  On or about May 20, 2021, Defendant Russell submitted a DMCA counter notice

("Counter Notice").  Exh. B.

66.  In the Counter Notice, Defendant Russell stated, "I swear, under penalty of perjury, that I

have a good faith belief that the affected material was removed or disabled as a result of

mistake or misidentification of the material to be removed or disabled and that I am the

merchant subject to the DMCA Takedown Notice referred to above."

67.  Defendant Russell knew that the Works belonged to the Plaintiffs.

68.  Defendant Russell knew that there was no mistaken nor misidentification with respect to

the Takedown Notice and the Works.

69.  Defendant Russell knew that the Defendants were not authorized to produce or sell the

Infringing Products.

70.  Defendant Russell, as the owner, President, and director of the Corporate Defendants

took an active part in infringing the Plaintiffs' copyrights in the Works.

71.  Defendant Russell knowingly and intentionally swore to a falsehood.


**FIRST CLAIM FOR RELIEF**
(Copyright Infringement of Cabover Pete under 17 U.S.C. § 501 et. seq.)

72.  Plaintiff incorporates and restates the allegations contained in each and every of the

above paragraphs.

73.  Plaintiff LaRoche fixed Cabover Pete in the tangible medium of metal art.

74.  Cabover Pete is subject matter of a copyright under 17 U.S.C. § 102.

75. Plaintiff LaRoche has recast, transformed, and adapted Cabover Pete, making derivatives of Cabover Pete under 17 U.S.C. § 101.

76. All of the copyrights to Cabover Pete and its derivatives are owned by Plaintiff LaRoche and Plaintiff Big Rig.

77. Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the copyrights to Cabover Pete and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

78. Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for sale, and displaying the Cabover Pete design, and/or derivatives of the same.

79. The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

80. The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using Cabover Pete or its derivatives.

81. The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses Cabover Pete or its derivatives.

82. The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of Cabover Pete and its derivatives, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Copyright Infringement of Personalized Pete under 17 U.S.C. § 501 et. seq.)

83.    Plaintiff incorporates and restates the allegations contained in each and every of the
       above paragraphs.

84.    Plaintiff LaRoche fixed Personalized Pete in the tangible medium of metal art.

85.    Personalized Pete is subject matter of a copyright under 17 U.S.C. § 102.

86.    Plaintiff LaRoche has recast, transformed, and adapted Personalized Pete, making
       derivatives of Personalized Pete under 17 U.S.C. § 101.

87.    All of the copyrights to Personalized Pete and its derivatives are owned by Plaintiff
       LaRoche and Plaintiff Big Rig.

88.    Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the
       copyrights to Personalized Pete and its derivatives, have the exclusive right to do and to
       authorize any of the following: to reproduce the copyrighted work in copies; to prepare
       derivative works based upon the copyrighted work; to distribute copies of the copyrighted
       work to the public by sale; and to display the copyrighted work publicly.

89.    Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for
       sale, and displaying the Personalized Pete design, and/or derivatives of the same.

90.    The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating
       the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

91.    The Plaintiffs pray this honorable Court to grant a temporary and final injunction against
       the Defendants, prohibiting the Defendants from ever again using Personalized Pete or its
       derivatives.

92.     The Plaintiffs pray this honorable Court issue an Order to impound and destroy any

remaining stock in the Defendants possession that uses Personalized Pete or its

derivatives.

93.     The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any

additional profits of the Defendants from its unlawful commercialization of Personalized

Pete and its derivatives, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(Copyright Infringement of Pete Driver Kneeling Cross under 17 U.S.C. § 501 et. seq.)

94.     Plaintiff incorporates and restates the allegations contained in each and every of the

above paragraphs.

95.     Plaintiff LaRoche fixed Pete Driver Kneeling Cross in the tangible medium of metal art.

96.     Pete Driver Kneeling Cross is subject matter of a copyright under 17 U.S.C. § 102.

97.     Plaintiff LaRoche has recast, transformed, and adapted Pete Driver Kneeling Cross,

making derivatives of Pete Driver Kneeling Cross under 17 U.S.C. § 101.

98.     All of the copyrights to Pete Driver Kneeling Cross and its derivatives are owned by

Plaintiff LaRoche and Plaintiff Big Rig.

99.     Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the

copyrights to Pete Driver Kneeling Cross and its derivatives, have the exclusive right to

do and to authorize any of the following: to reproduce the copyrighted work in copies; to

prepare derivative works based upon the copyrighted work; to distribute copies of the

copyrighted work to the public by sale; and to display the copyrighted work publicly.

100.    Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for

sale, and displaying the Pete Driver Kneeling Cross design, and/or derivatives of the

same.

101.    The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

102.    The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using Pete Driver Kneeling Cross or its derivatives.

103.    The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses Pete Driver Kneeling Cross or its derivatives.

104.    The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of Pete Driver Kneeling Cross and its derivatives, in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(Copyright Infringement of Pete Fence under 17 U.S.C. § 501 et. seq.)

105.    Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

106.    Plaintiff LaRoche fixed Pete Fence in the tangible medium of metal art.

107.    Pete Fence is subject matter of a copyright under 17 U.S.C. § 102.

108.    Plaintiff LaRoche has recast, transformed, and adapted Pete Fence, making derivatives of Pete Fence under 17 U.S.C. § 101.

109.    All of the copyrights to Pete Fence and its derivatives are owned by Plaintiff LaRoche and Plaintiff Big Rig.

110.    Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the copyrights to Pete Fence and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare

derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

111.   Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for sale, and displaying the Pete Fence design, and/or derivatives of the same.

112.   The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

113.   The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using Pete Fence or its derivatives.

114.   The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses Pete Fence or its derivatives.

115.   The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of Pete Fence and its derivatives, in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(Copyright Infringement of Dump Truck Pete under 17 U.S.C. § 501 et. seq.)

116.   Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

117.   Plaintiff LaRoche fixed Dump Truck Pete in the tangible medium of metal art.

118.   Dump Truck Pete is subject matter of a copyright under 17 U.S.C. § 102.

119.   Plaintiff LaRoche has recast, transformed, and adapted Dump Truck Pete, making derivatives of Dump Truck Pete under 17 U.S.C. § 101.

120.   All of the copyrights to Dump Truck Pete and its derivatives are owned by Plaintiff LaRoche and Plaintiff Big Rig.

121.  Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the copyrights to Dump Truck Pete and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

122.  Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for sale, and displaying the Dump Truck Pete design, and/or derivatives of the same.

123.  The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

124.  The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using Dump Truck Pete or its derivatives.

125.  The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses Dump Truck Pete or its derivatives.

126.  The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of Dump Truck Pete and its derivatives, in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
(Copyright Infringement of KW Fence under 17 U.S.C. § 501 et. seq.)

127.  Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

128.  Plaintiff LaRoche fixed KW Fence in the tangible medium of metal art.

129.  KW Fence is subject matter of a copyright under 17 U.S.C. § 102.

130.   Plaintiff LaRoche has recast, transformed, and adapted KW Fence, making derivatives of KW Fence under 17 U.S.C. § 101.

131.   All of the copyrights to KW Fence and its derivatives are owned by Plaintiff LaRoche and Plaintiff Big Rig.

132.   Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the copyrights to KW Fence and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

133.   Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for sale, and displaying the KW Fence design, and/or derivatives of the same.

134.   The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

135.   The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using KW Fence or its derivatives.

136.   The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses KW Fence or its derivatives.

137.   The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of KW Fence and its derivatives, in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
(Copyright Infringement of Pete 379 American Flag under 17 U.S.C. § 501 et. seq.)

138.    Plaintiff incorporates and restates the allegations contained in each and every of the
above paragraphs.

139.    Plaintiff LaRoche fixed Pete 379 American Flag in the tangible medium of metal art.

140.    Pete 379 American Flag is subject matter of a copyright under 17 U.S.C. § 102.

141.    Plaintiff LaRoche has recast, transformed, and adapted Pete 379 American Flag, making
derivatives of Pete 379 American Flag under 17 U.S.C. § 101.

142.    All of the copyrights to Pete 379 American Flag and its derivatives are owned by Plaintiff
LaRoche and Plaintiff Big Rig.

143.    Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the
copyrights to Pete 379 American Flag and its derivatives, have the exclusive right to do
and to authorize any of the following: to reproduce the copyrighted work in copies; to
prepare derivative works based upon the copyrighted work; to distribute copies of the
copyrighted work to the public by sale; and to display the copyrighted work publicly.

144.    Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for
sale, and displaying the Pete 379 American Flag design, and/or derivatives of the same.

145.    The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating
the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

146.    The Plaintiffs pray this honorable Court to grant a temporary and final injunction against
the Defendants, prohibiting the Defendants from ever again using Pete 379 American
Flag or its derivatives.

147.    The Plaintiffs pray this honorable Court issue an Order to impound and destroy any

       remaining stock in the Defendants possession that uses Pete 379 American Flag or its

       derivatives.

148.    The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any

       additional profits of the Defendants from its unlawful commercialization of Pete 379

       American Flag and its derivatives, in an amount to be determined at trial.

**EIGHTH CLAIM FOR RELIEF**
(Copyright Infringement of International 9000 Fence under 17 U.S.C. § 501 et. seq.)

149.    Plaintiff incorporates and restates the allegations contained in each and every of the

       above paragraphs.

150.    Plaintiff LaRoche fixed International 9000 Fence in the tangible medium of metal art.

151.    International 9000 Fence is subject matter of a copyright under 17 U.S.C. § 102.

152.    Plaintiff LaRoche has recast, transformed, and adapted International 9000 Fence, making

       derivatives of International 9000 Fence under 17 U.S.C. § 101.

153.    All of the copyrights to International 9000 Fence and its derivatives are owned by

       Plaintiff LaRoche and Plaintiff Big Rig.

154.    Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the

       copyrights to International 9000 Fence and its derivatives, have the exclusive right to do

       and to authorize any of the following: to reproduce the copyrighted work in copies; to

       prepare derivative works based upon the copyrighted work; to distribute copies of the

       copyrighted work to the public by sale; and to display the copyrighted work publicly.

155.    Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for

       sale, and displaying the International 9000 Fence design, and/or derivatives of the same.

156.   The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

157.   The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using International 9000 Fence or its derivatives.

158.   The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses International 9000 Fence or its derivatives.

159.   The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of International 9000 Fence and its derivatives, in an amount to be determined at trial.

### NINTH CLAIM FOR RELIEF
(Copyright Infringement of Grain Hauler Pete under 17 U.S.C. § 501 et. seq.)

160.   Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

161.   Plaintiff LaRoche fixed Grain Hauler Pete in the tangible medium of metal art.

162.   Grain Hauler Pete is subject matter of a copyright under 17 U.S.C. § 102.

163.   Plaintiff LaRoche has recast, transformed, and adapted Grain Hauler Pete, making derivatives of Grain Hauler Pete under 17 U.S.C. § 101.

164.   All of the copyrights to Grain Hauler Pete and its derivatives are owned by Plaintiff LaRoche and Plaintiff Big Rig.

165.   Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the copyrights to Grain Hauler Pete and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare

derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

166.    Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for sale, and displaying the Grain Hauler Pete design, and/or derivatives of the same.

167.    The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

168.    The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using Grain Hauler Pete or its derivatives.

169.    The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses Grain Hauler Pete or its derivatives.

170.    The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of Grain Hauler Pete and its derivatives, in an amount to be determined at trial.

**TENTH CLAIM FOR RELIEF**
(Copyright Infringement of Bull Hauler Pete under 17 U.S.C. § 501 et. seq.)

171.    Plaintiff incorporates and restates the allegations contained in each and every of the above paragraphs.

172.    Plaintiff LaRoche fixed Bull Hauler Pete in the tangible medium of metal art.

173.    Bull Hauler Pete is subject matter of a copyright under 17 U.S.C. § 102.

174.    Plaintiff LaRoche has recast, transformed, and adapted Bull Hauler Pete, making derivatives of Bull Hauler Pete under 17 U.S.C. § 101.

175.   All of the copyrights to Bull Hauler Pete and its derivatives are owned by Plaintiff LaRoche and Plaintiff Big Rig.

176.   Under 17 U.S.C. § 106, Plaintiff LaRoche and Plaintiff Big Rig, as owners of all of the copyrights to Bull Hauler Pete and its derivatives, have the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work in copies; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

177.   Defendants have violated the Plaintiffs' exclusive copyrights by copying, distributing for sale, and displaying the Bull Hauler Pete design, and/or derivatives of the same.

178.   The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating the Plaintiffs' exclusive rights under 17 U.S.C. § 106.

179.   The Plaintiffs pray this honorable Court to grant a temporary and final injunction against the Defendants, prohibiting the Defendants from ever again using Bull Hauler Pete or its derivatives.

180.   The Plaintiffs pray this honorable Court issue an Order to impound and destroy any remaining stock in the Defendants possession that uses Bull Hauler Pete or its derivatives.

181.   The Plaintiffs pray this honorable Court to award the Plaintiffs actual damages and any additional profits of the Defendants from its unlawful commercialization of Bull Hauler Pete and its derivatives, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays the honorable Court to render judgment in their favor and to issue an Order and Judgment on all counts and causes of action contained in this complaint as follows:

A.      Entry of an Order (on a preliminary and permanent basis) requiring that the Defendants and their officers, agents, servants, employees, owners, dealers, affiliates, contractors, and representatives, and all other persons, firms or corporations in active concert or participation with them, be forever enjoined and restrained from:

(i)      Copying, using, displaying, distributing, or selling any product or promotional material containing any of the following Plaintiffs' Works, or derivatives thereof, as defined in this Complaint:

1.      Cabover Pete;

2.      Personalized Pete

3.      Pete Driver Kneeling Cross;

4.      Pete Fence;

5.      Dump Truck Pete;

6.      KW Fence;

7.      Pete 379 (with or without an American Flag);

8.      International 9000 Fence;

9.      Grain Hauler Pete;

10.      Bull Hauler Pete.

(ii)      Creating, manufacturing, procuring, or soliciting any metal art containing any of the Plaintiffs' Works;

(iii)    Doing any act, by omission or commission, intended to get a third-party to infringe the Plaintiffs' copyrighted Works, or any reasonable derivative thereto;

B.    Ordering Defendants to impound through trial and then deliver up for destruction, pursuant to 17 U.S.C. § 503, all metal art, copies, products, Internet webpages / scripts / html code, articles, packages, wrappers, displays, labels, signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles, templates or other matter in the possession, custody, or under the control of Defendants or their dealers, agents, or contractors which infringe the Plaintiffs' copyrighted works;

C.    Ordering Defendants to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the use of the Plaintiffs' Works, or otherwise in furtherance of the actions complained of herein;

D.    Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

E.    Ordering Defendants, under the Copyright Act, to pay a judgment in the amount of Plaintiffs' actual damages plus Defendants' profits, and pre-and post-judgment interest, in an amount to be proven at trial;

G.    Ordering Defendants to pay Plaintiffs' reasonable attorneys' fees and costs of this action pursuant to 17 U.S.C. § 505;

H.    Granting Plaintiff such other further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues pleaded herein.

Dated: June 4, 2021              HEED LAW GROUP, PLLC


<u>/s/ Thomas P. Heed (P66991)</u>
Thomas P. Heed (P66991)
Attorney for Plaintiff
2723 South State Street
Suite 150
Ann Arbor, Michigan 48104
(734) 794-4757
(734) 794-4712
theed@heedlawgroup.com